IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00724-GPG

MICHAEL BUNTON,

    Plaintiff,

v.

L.T. ANTHONY RUSSELL,
SGT. THOMAS WOUDENBERG,
C/O NICHOLAS HAGER,
C/O TIM HORST,
CAPTAIN GARY LITTLE,
L.T. RANDY SCAVARDA,
C/O SALDVAR CARIAS,
L.T. SHAWNE NYGAARD,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael Bunton, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Bunton has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional claims were violated while he was incarcerated at the Sterling Correctional Facility.  He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Bunton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Bunton will be ordered

to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Bunton alleges he was stabbed in the eye and seriously injured during an attack by two gang members named Fronio and Mercado at the Sterling Correctional Facility on May 24, 2015. According to Mr. Bunton, prison officials had information before the attack that inmate Fronio possessed a knife and intended to stab someone and that he had a violent history.

Mr. Bunton specifically asserts three claims for relief. In his first claim, which he describes as an equal protection claim, he alleges that Defendants Nicholas Hager, Tim Horst, and Thomas Woudenberg were negligent when they failed to discover Fronio's knife during searches of his cell and his person. Mr. Bunton apparently contends in his second claim that his constitutional right to due process was violated because he was charged with a disciplinary offense for fighting even though he only defended himself after being stabbed. Mr. Bunton alleges in support of claim two that Defendant Saldvar Casias wrote a disciplinary report and that Defendants Gary Little and Randy Scavarda denied his grievances. Mr. Bunton concedes that he was not convicted of a disciplinary offense and that the disciplinary charge against him was dismissed following a hearing. Mr. Bunton's third claim is an Eighth Amendment cruel and unusual punishment claim in which he alleges staff allowed Fronio and Mercado to destroy their weapons after the attack, staff stood at the pod door and failed to take control of the attack, staff failed to prevent the attack, staff treated him unfairly after the attack by putting soap and pepper in the ice provided for his eye injury, and staff gave him the wrong medication for his eye injury. Mr. Bunton does not identify in claim three the specific staff members who

allegedly violated his rights.

The Prisoner Complaint is deficient because Mr. Bunton fails to allege specific facts in support of his claims against each Defendant that demonstrate he is entitled to relief. Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. Bunton must identify the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated"). "The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom,* . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). To the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").

In order to state an arguable equal protection claim Mr. Bunton must allege facts

that demonstrate he *intentionally* was treated differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (emphasis added). "Equal protection of the laws doesn't guarantee equal results for all." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted). Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *Id.* (internal quotation marks omitted).

With respect to the due process claim, Mr. Bunton fails to allege facts that demonstrate he was deprived of a constitutionally protected liberty interest. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Because Mr. Bunton concedes that the disciplinary charge was dismissed, he fails to demonstrate he was deprived of a constitutionally protected liberty interest. Furthermore, even if Mr. Bunton was deprived of a constitutionally protected liberty interest, he fails to allege facts that demonstrate he was denied the minimum due process required at a prison disciplinary hearing. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To the extent the due process claim may be premised on access to the prison grievance procedure, the court notes that prisoners do not have a constitutional right to a grievance procedure. *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal

under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

Finally, in order to state an arguable Eighth Amendment claim Mr. Bunton must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994);  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  "A claim of deliberate indifference includes both an objective and a subjective component."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1192-93 (internal quotation marks omitted).  Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

For these reasons Mr. Bunton will be ordered to file an amended complaint that clarifies the claims he is asserting.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Therefore, Mr. Bunton will be directed to file

his amended pleading on the court-approved Prisoner Complaint form. Mr. Bunton also must provide an address where each Defendant may be served. Accordingly, it is

ORDERED that Mr. Bunton file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Bunton shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Bunton fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 30, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge