IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00724-LTB

MICHAEL BUNTON,

    Plaintiff,

v.

L.T. ANTHONY RUSSELL,
SGT. THOMAS WOUDENBERG,
C/O NICHOLAS HAGER,
C/O TIM HORST,
CAPTAIN GARY LITTLE,
L.T. RANDY SCAVARDA,
C/O SALDVAR CARIAS,
L.T. SHAWNE NYGAARD,
MEDICAL DEPARTMENT – STERLING – NURSE ABBY, NURSE MOON, and L.T. WINGERT,[1] and
ANTHONY A. DECESARO, Grievance Officer,

    Defendants.

## ORDER

    Plaintiff, Michael Bunton, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Bunton filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming his constitutional claims were violated while he was incarcerated at the Sterling Correctional Facility. (ECF No. 1).   The Court directed Mr. Bunton to file an amended prisoner complaint. (ECF No. 6).   Mr. Bunton did so (ECF No. 7) and with it filed a Motion for Temporary

---

[1] Defendants Medical Department – Sterling – Nurse Abby, Nurse Moon, and L.T. Wingert, and Grievance Officer Anthony A. Decesaro are not identified in the caption of the Amended Prisoner Complaint but are listed in the section regarding Parties.   (*See* ECF No. 7).   In light of the Court's obligation to liberally construe *pro se* pleadings, the Court identifies these alleged parties in the case caption.

Restraining Order and/or Preliminary Injunction (ECF No. 9; April 18, 2016).  For the reasons set forth herein, the Court DENIES the Motion for Temporary Restraining Order and/or Preliminary Injunction.

The Court must construe the Motion and Amended Prisoner Complaint liberally because Mr. Bunton is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

Mr. Bunton alleges he was stabbed in the eye and seriously injured during an attack by two gang members named Fronio and Mercado at the Sterling Correctional Facility on May 24, 2015.  (ECF No. 7).  Mr. Bunton asserts three claims for relief: 1) an equal protection claim arising from the failure of Sterling Correctional Facility staff to discover Fronio's knife during searches of his cell and his person; 2) a violation of due process because Mr. Bunton was charged with a disciplinary offense for fighting even though he only defended himself after being stabbed; and 3) an Eighth Amendment cruel and unusual punishment claim alleging that Mr. Bunton has been moved to the Colorado State Penitentiary but is "around the 'same' two attackers", his vision is limited due to injuries from the attack, staff allowed Fronio and Mercado to destroy their weapons after the attack, staff stood at the pod door and failed to take control of the attack, staff failed to prevent the attack, staff treated him unfairly after the attack by putting soap and pepper in the ice provided for his eye injury, and staff gave him the wrong medication for his eye injury.  Mr. Bunton requests money damages.  With the exception of Grievance Officer Anthony Decesaro, the named defendants are identified only as staff in the Sterling Correctional Facility.  Mr. Bunton does not identify staff of the Colorado State

Penitentiary as defendants and does not allege who at the Colorado State Penitentiary violated his rights.

The caption of the Motion for Temporary Restraining Order and/or Preliminary Injunction identifies "C.S.P." but no individuals alleged to be staff of the Colorado State Penitentiary. (ECF No. 9). In the Motion, Mr. Bunton requests injunctive relief directing the Colorado State Penitentiary to stop putting him in the same pod as gang members affiliated with the individuals who stabbed him at the Sterling Correctional Facility. He states that he spoke to Case Managers Feeler and Olson about this issue, as well as L.T. Kirkland. (*Id.* at 3). However, these individuals are not identified, nor are there allegations against these individuals, in the Amended Prisoner Complaint. (*See* ECF No. 7). The allegations of failure to protect concerning the Colorado State Penitentiary are separate from the allegations related to the stabbing incident at Sterling Correctional Facility.

This Court "has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). In other words, the Court cannot issue an order against individuals who are not parties to a pending lawsuit. *See id.* ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party . . ."); *see also Zepeda v. U.S. Immigration Service,* 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). In this case, Mr. Bunton has identified as defendants staff of the Sterling Correctional Facility and

Grievance Officer Decesaro. He has not identified as defendants staff of the Colorado State Penitentiary. Thus, this Court has no power to entertain the relief sought in the Motion, as it has no control over the alleged recipient of the requested injunctive order. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980) ("the subject of injunctions in the federal courts has a three-fold aspect: (1) jurisdictional, i. e., power to entertain the action, and control of the subject matter and the parties . . ."). For these reasons, the Motion must be denied.

Even if Mr. Bunton added Colorado State Penitentiary staff members as defendants, this result would not be different, as such parties likely would be improperly joined. The issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) Defendants. Persons . . .may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Separate and unrelated claims against multiple defendants arising out of different alleged incidents are not allowed. *Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (affirming dismissal of amended prisoner complaint for improperly combining "'separate and unrelated claims'—many of them arising out of different alleged incidents—against multiple defendants"); *Ward v. Thompson*, No. 1:13-CV-580, 2015 WL 3948190, at *4 (W.D. Mich. June 29, 2015) (rejecting "claims against Defendants at two different prisons . . . during two different time periods" as in

violation of Rule 20(a)(2)).   Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Mr. Bunton desires to pursue claims arising from allegations against staff of the Colorado State Penitentiary, he must do so by separate lawsuit.   Accordingly, it is

ORDERED that the Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 9; April 18, 2016) is DENIED.

DATED April 21, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock
United States Senior District Judge